IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF LOUSIANA,<br>By and through its Attorney General,<br>Elizabeth B. Murrill;<br>THE STATE OF KANSAS,<br>By and through its Attorney General,<br>Kris W. Kobach;<br>THE STATE OF OHIO,<br>By and through its Attorney General,<br>Dave Yost; and<br>THE STATE OF WEST VIRGINIA,<br>By and through its Attorney General,<br>John B. McCuskey,<br><br>    *Plaintiffs*,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE;<br>GINA M. RAIMONDO, in her official capacity as Secretary of Commerce;<br>BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and<br>ROBERT L. SANTOS, in his official capacity as Director of the U.S. Census Bureau,<br><br>    *Defendants*. | Case No. 6:25-cv-00076-DCJ-DJA |

**[PROPOSED] INTERVENOR-DEFENDANTS' PROPOSED ANSWER**

## INTRODUCTION

To the extent that the unnumbered paragraphs in the "Introduction" to Plaintiffs' Complaint contain factual allegations, Proposed Intervenors deny them.

## THE PARTIES

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Kansas is a State of the United States of America and sues through its attorney general and otherwise deny the allegations.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Louisiana is a State of the United States of America and sues through its attorney general, and otherwise deny the allegations.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Ohio is a State of the United States of America and otherwise deny the allegations.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit that West Virginia is a State of the United States of America and sues through its attorney general and otherwise deny the allegations.

5. Admitted.

6. Paragraph 6 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

7. Denied.

8. Admitted.

9. Admitted.

## JURISDICTION AND VENUE

10. Paragraph 10 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

11. Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

12. Paragraph 12 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

13. Paragraph 13 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

## BACKGROUND

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Proposed Intervenors admit that the Census Bureau sends questionnaires to households as part of the census process. The remaining allegations of Paragraph 19 contain legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

20. Admitted.

21. Admitted.

22. Proposed Intervenors admit that Paragraph 22 incompletely quotes the cited federal regulation but deny that it is a complete quotation.

23. Proposed Intervenors admit that Paragraph 23 incompletely quotes the cited federal regulation but deny that it is a complete quotation. The remainder of Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

24. Admitted.

25. Admitted.

26. Admitted.

27. Proposed Intervenors admit that Paragraph 27 incompletely quotes the cited federal regulation but deny that it is a complete quotation.

28. Paragraph 28 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors admit that citizens of foreign countries who reside in the United States are counted in the census tally and otherwise deny the allegations.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the tabulation of total population includes all "persons" in each state and otherwise deny the allegations.

30. Paragraph 30 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors admit that the President must rely on the Secretary's count of the "persons" in each state and otherwise deny the allegations.

31. Paragraph 31 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors admit the first sentence and admit that the enumeration must be of all "persons" in each state and otherwise deny the allegations.

32. Proposed Intervenors admit that the Residence Rule governed the apportionment following the 2020 census but deny that it will apply to the apportionment following the 2030

census, and otherwise deny the allegations in Paragraph 32.

33. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny them.

34. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore deny them.

35. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore deny them.

36. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore deny them.

37. Admitted.

38. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 38 and therefore deny them.

39. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39 and therefore deny them.

40. Denied.

41. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 41 and therefore deny them.

42. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 42 and therefore deny them.

43. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 43 and therefore deny them.

44. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore deny them.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

46. Proposed Intervenors deny the first sentence of Paragraph 46 and lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 46 and therefore deny them.

47. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 47 and therefore deny them.

48. Proposed Intervenors deny the first sentence of Paragraph 48. The remainder of Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the quoted language appears in the cited case but otherwise deny the allegations.

49. Denied.

50. Denied.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 55 and therefore deny them.

56. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 56 and therefore deny them.

57. Denied.

58. Admitted.

59. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 59 and therefore deny them.

60. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 60 and therefore deny them.

61. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 61 and therefore deny them.

62. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 62 and therefore deny them.

63. Proposed Intervenors deny that the alleged facts involve "representational inequality" and otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 63 and therefore deny them.

64. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 64 and therefore deny them.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

66. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 66 and therefore deny them.

67. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 67 and therefore deny them.

68. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 68 and therefore deny them.

69. Denied.

70. Admitted.

71. Admit that the quoted excerpt appears in the United States Constitution. The remainder of Paragraph 71 is denied.

72. Admitted.

73. Admit that the quoted excerpt appears in *Franklin v. Massachusetts*, 505 U.S. 788, 804 (1992). The remainder of Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Admitted.

82. Admitted.

83. Denied.

84. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 84 and therefore deny them.

85. Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

86. Denied.

87. Denied.

88. Paragraph 88 contains legal conclusions and mischaracterizations to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

89. Denied.

90. Denied.

91. Denied.

92. Admitted.

93. Proposed intervenors admit the first sentence of Paragraph 93 and deny the second sentence of Paragraph 93.

94. Denied.

95. Denied.

96. Admit that the quoted excerpt appears in the cited case. The remainder of Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

97. Admit that the quoted excerpts appear in the cited case. The remainder of Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

## CLAIMS FOR RELIEF

### COUNT I

105. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

107. Proposed Intervenors admit the first sentence of Paragraph 107 and deny the second sentence of Paragraph 107.

108. Denied.

### COUNT II

109. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

110. Admitted.

111. Proposed Intervenors admit the first two sentences of Paragraph 111 and deny the third sentence of Paragraph 111.

### COUNT III

112. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

113. Admitted.

114. Denied.

## PRAYER FOR RELIEF

115. Proposed Intervenors deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in the Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred in whole or in part for failure to state a claim upon which relief can be granted.

2. Plaintiffs' claims are moot as to the 2020 census and not yet ripe as to any subsequent census.

3. Plaintiffs' claims are barred because Plaintiffs lack standing.

4. Plaintiffs' claims are barred because they seek relief inconsistent with federal law and the United States Constitution.

5. Plaintiffs' claims are barred by laches.

6. Proposed Intervenors reserve the right to assert additional affirmative defenses—including, but not limited to, those set forth in Federal Rule of Civil Procedure 8(c)—as additional facts are discovered.

Having fully answered Plaintiffs' Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss Plaintiffs' Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiffs on Plaintiffs' Complaint and that Plaintiffs take nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Respectfully submitted this 27th day of January, 2025.

<u>*s/ John Adcock*</u>

John Adcock
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
jnadcock@gmail.com

<u>*s/ David R. Fox*</u>

David R. Fox*
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
(202) 968-4490
Daniel Cohen*
William Hancock*
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
(202) 968-4490
dfox@elias.law
dcohen@elias.law
whancock@elias.law

* *Pro hac vice* application forthcoming

Counsel for Proposed Intervenors