# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA LAFAYETTE DIVISION

| | |
|---|---|
| **THE STATE OF LOUISIANA**, By and through its Attorney General, Elizabeth B. Murrill; <br> **THE STATE OF KANSAS**, By and through its Attorney General, Kris W. Kobach; <br> **THE STATE OF OHIO**, By and through its Attorney General, Dave Yost; and <br> **THE STATE OF WEST VIRGINIA**, By and through its Attorney General, John B. McCuskey, <br><br> *Plaintiffs*, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF COMMERCE**; <br> **JEREMY PELTER**, in his official capacity as Acting Secretary of Commerce;† <br> **BUREAU OF THE CENSUS**, an agency within the United States Department of Commerce; and <br> **ROBERT L. SANTOS**, in his official capacity as Director of the U.S. Census Bureau, <br><br> *Defendants*. | **Case No. 6:25-cv-00076-DCJ-DJA** <br><br> Judge:            Hon. David C. Joseph <br> Magistrate Judge:  Hon. David J. Ayo <br><br><br> **PROPOSED ANSWER AND AFFIRMATIVE DEFENSES OF PROPOSED INTERVENOR COUNTY OF SANTA CLARA** |

## PROPOSED ANSWER AND AFFIRMATIVE DEFENSES OF PROPOSED INTERVENOR COUNTY OF SANTA CLARA

Proposed Intervenor-Defendant County of Santa Clara, California, hereby submits its Proposed Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

---

† Pursuant to Federal Rule of Civil Procedure 25(d), Jeremy Pelter is automatically substituted for his predecessor.

## INTRODUCTION

The first unnumbered paragraph of the Complaint purports to describe provisions of the Federal Register, which speak for themselves and to which no response is required.

As to the second unnumbered paragraph of the Complaint, the County of Santa Clara admits that in previous censuses apportionment was based on the total resident population of each state relative to the other states in the United States; and that the total resident population includes non-U.S. citizen residents in the United States who lack proper legal documentation ("undocumented persons") and who are not U.S. lawful permanent residents ("non-LPRs"). The County of Santa Clara otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second unnumbered paragraph of the Complaint and therefore denies them. As to the defined term in footnote 2, the County of Santa Clara will instead use the phrase "undocumented persons" to refer to non-U.S. citizen residents in the United States who lack proper legal documentation. Footnotes 1, 3, and 4 purport to describe certain documents, which speak for themselves and to which no response is required.

The third unnumbered paragraph of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

The fourth unnumbered paragraph of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

## THE PARTIES

1.   The County of Santa Clara admits the allegations in the first and third sentences of Paragraph 1 of the Complaint. The County of Santa Clara lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 1 and therefore denies them. The fourth sentence of Paragraph 1 asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

2. The County of Santa Clara admits the allegations in the first and third sentences of Paragraph 2 of the Complaint. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 2 and therefore denies them. The fourth sentence of Paragraph 2 asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

3. The County of Santa Clara admits the allegations in the first sentence of Paragraph 3 of the Complaint. The second sentence of Paragraph 3 asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

4. The County of Santa Clara admits the allegations in the first and second sentences of Paragraph 4 of the Complaint. The third sentence of Paragraph 4 asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

5. The County of Santa Clara admits the allegations of Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies.

7. The County of Santa Clara denies the allegations of Paragraph 7 of the Complaint.

8. The County of Santa Clara admits the allegations of Paragraph 8 of the Complaint.

9. The County of Santa Clara admits the allegations of Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint asserts legal conclusions to which no response is required.

11. Paragraph 11 of the Complaint asserts legal conclusions to which no response is required.

12. Paragraph 12 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara admits that Plaintiffs purport to seek relief as described in Paragraph 12 but denies that Plaintiffs are entitled to such relief.

13. Paragraph 13 of the Complaint asserts legal conclusions to which no response is required.

## BACKGROUND

14. The County of Santa Clara admits the allegations of Paragraph 14 of the Complaint.

15. The County of Santa Clara admits the allegations of Paragraph 15 of the Complaint.

16. The County of Santa Clara admits the allegations of Paragraph 16 of the Complaint.

17. The County of Santa Clara admits the allegations of Paragraph 17 of the Complaint.

18. The County of Santa Clara admits the allegations of Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, the County of Santa Clara admits that the Census Bureau sends questionnaires to households as part of the census process. The remaining allegations of Paragraph 19 assert legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the remaining allegations.

20. The County of Santa Clara admits the allegations of Paragraph 20 of the Complaint.

21. The County of Santa Clara admits the allegations of Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint purports to describe a document, which speaks for itself, and asserts legal conclusions and no response is required.

23. Paragraph 23 of the Complaint purports to describe a document, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara admits that the Residence Rule provides that citizens of foreign countries living in the United States are to be counted where they live and sleep most of the time.

24. Paragraph 24 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara admits that the Residence Rule provides that citizens of foreign countries living in the United States are to be counted where they live and sleep most of the time.

25. Paragraph 25 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara admits that the Residence Rule provides that citizens of foreign countries living in the United States are to be counted where they live and sleep most of the time.

26. The County of Santa Clara admits the allegations of Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint purports to describe a document, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara admits that the Residence Rule provides that citizens of foreign countries living in the United States are to be counted where they live and sleep most of the time.

28. Paragraph 28 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara admits that the Residence Rule provides that citizens of foreign countries are to be counted where they live and sleep most of the time.

29. Paragraph 29 of the Complaint purports to describe documents, which speak for themselves, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara admits that the Residence Rule provides that citizens of foreign countries are to be counted where they live and sleep most of the time.

30. Paragraph 30 of the Complaint asserts legal conclusions to which no response is required.

31. Paragraph 31 of the Complaint purports to describe a provision of the U.S. Code, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a

response is required, the County of Santa Clara denies but avers that the apportionment required by statute is to be based on an enumeration of all persons of each state, which includes undocumented persons and non-LPRs, in accordance with the U.S. Constitution, U.S. Code, and Federal Regulations.

32. Paragraph 32 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara admits that the Residence Rule complies with the Constitution, which sets the requirements for the apportionment of the House of Representatives and the Electoral College, and denies the remainder of the allegations.

33. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies them.

34. Paragraph 34 of the Complaint purports to describe certain documents, which speak for themselves and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 34 of the Complaint and therefore denies them.

35. Paragraph 35 of the Complaint purports to describe certain documents, which speak for themselves and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 35 of the Complaint and therefore denies them.

36. Paragraph 36 of the Complaint purports to describe certain documents, which speak for themselves and to which no response is required. The County of Santa Clara lacks

knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 36 of the Complaint and therefore denies them

37. The County of Santa Clara denies the allegations of Paragraph 37 of the Complaint.

38. As to Paragraph 38 of the Complaint, the County of Santa Clara admits that the population of undocumented persons is not evenly distributed. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 38 of the Complaint and therefore denies them.

39. Paragraph 39 of the Complaint purports to describe certain documents, which speak for themselves and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 39 of the Complaint and therefore denies them.

40. Paragraph 40 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

41. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies them.

42. Paragraph 42 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 42 of the Complaint and therefore denies them.

43. Paragraph 43 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 43 of the Complaint and therefore denies them.

44. Paragraph 44 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 44 of the Complaint and therefore denies them

45. Paragraph 45 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

46. The County of Santa Clara denies the first sentence of Paragraph 46 of the Complaint. The remainder of Paragraph 46 purports to describe a document, which speaks for itself and to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

47. Paragraph 47 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 47 of the Complaint and therefore denies them.

48. Paragraph 48 of the Complaint purports to describe a provision of the Constitution and a case, which speak for themselves, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

49. The County of Santa Clara denies the allegations of Paragraph 49 of the Complaint.

50. The County of Santa Clara denies the allegations of Paragraph 50 of the Complaint.

51. The County of Santa Clara admits the allegations of Paragraph 51 of the Complaint.

52. The County of Santa Clara admits the allegations of Paragraph 52 of the Complaint.

53. The County of Santa Clara admits the allegations of Paragraph 53 of the Complaint.

54. The County of Santa Clara admits the allegations of Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 55 of the Complaint and therefore denies them.

56. Paragraph 56 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 56 of the Complaint and therefore denies them.

57. Paragraph 57 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

58. Paragraph 58 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 58 of the Complaint and therefore denies them.

59. Paragraph 59 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 59 of the Complaint and therefore denies them.

60. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies them.

61. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and therefore denies them.

62. Paragraph 62 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 62 of the Complaint and therefore denies them.

63. The County of Santa Clara denies the allegations of Paragraph 63 of the Complaint.

64. The County of Santa Clara admits the allegations of the first sentence of Paragraph 64 of the Complaint. The remaining sentences and footnote purport to describe a document and a case, which speak for themselves, and assert legal conclusions and no response is required.

65. Paragraph 65 of the Complaint asserts legal conclusions to which no response is required.

Proposed Answer and Affirmative Defenses of   Case No. 6:25-cv-00076-DCJ-DJA
Proposed Intervenor County of Santa Clara

66. Paragraph 66 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 66 of the Complaint and therefore denies them.

67. Paragraph 67 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 67 of the Complaint and therefore denies them.

68. The County of Santa Clara lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore denies them.

69. Paragraph 69 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

70. Paragraph 70 of the Complaint purports to describe the Fourteenth Amendment to the U.S. Constitution, which speaks for itself and to which no response is required. To the extent a response is required, the County of Santa Clara admits the allegations.

71. Paragraph 71 of the Complaint purports to describe provisions of the U.S. Constitution, which speak for themselves, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

72. Paragraph 72 of the Complaint purports to describe Article I, Section 2, Clause 2 of the U.S. Constitution, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara admits the allegations.

73. Paragraph 73 of the Complaint purports to describe a case, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

74. Paragraph 74 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

75. Paragraph 75 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

76. Paragraph 76 of the Complaint purports to describe a case, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

77. Paragraph 77 of the Complaint purports to describe a case, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

78. Paragraph 78 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

79. Paragraph 79 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

80. Paragraph 80 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

81. Paragraph 81 of the Complaint purports to describe a provision of the U.S. Constitution, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara admits the allegations.

82. Paragraph 82 of the Complaint purports to describe a provision of the U.S. Constitution, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara admits the allegations.

83. The County of Santa Clara denies the allegations of Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint purports to describe a document, which speaks for itself and to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

85. To the extent Paragraph 85 of the Complaint asserts legal conclusions, no response is required. The County of Santa Clara otherwise denies the allegations of Paragraph 85.

86. Paragraph 86 of the Complaint purports to describe a case, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

87. To the extent Paragraph 87 of the Complaint asserts legal conclusions, no response is required. The County of Santa Clara otherwise denies the allegations of Paragraph 87.

88. To the extent Paragraph 88 of the Complaint asserts legal conclusions, no response is required. The County of Santa Clara otherwise denies the allegations of Paragraph 88.

89. Paragraph 89 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

90. Paragraph 90 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

91. Paragraph 91 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

92. Paragraph 92 of the Complaint purports to describe the Fourteenth Amendment to the U.S. Constitution, which speaks for itself and to which no response is required. To the extent a response is required, the County of Santa Clara admits the allegations.

93. Paragraph 93 of the Complaint purports to describe a provision of the U.S. Code, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

94. Paragraph 94 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

95. Paragraph 95 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

96. Paragraph 96 of the Complaint purports to describe a case, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

97. Paragraph 97 of the Complaint purports to describe a case, which speaks for itself, and asserts legal conclusions and no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

98. Paragraph 98 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

99. The County of Santa Clara denies the allegations of Paragraph 99 of the Complaint.

100. The County of Santa Clara denies the allegations of Paragraph 100 of the Complaint.

101. The first sentence of Paragraph 101 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations. The County of Santa Clara denies the remaining allegations.

102. Paragraph 102 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

103. Paragraph 103 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

104. Paragraph 104 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

## CLAIMS FOR RELIEF

## COUNT I

105. The County of Santa Clara repeats and reasserts its responses to the allegations of the preceding paragraphs.

106. Paragraph 106 of the Complaint purports to describe cases, which speak for themselves, and asserts legal conclusions and no response is required.

107. Paragraph 107 of the Complaint purports to describe the Fourteenth Amendment to the U.S. Constitution, which speaks for itself and to which no response is required. To the extent a response is required, the County of Santa Clara admits the allegations in the first sentence and denies the allegations in the second sentence.

108. Paragraph 108 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

## COUNT II

109. The County of Santa Clara repeats and reasserts its responses to the allegations of the preceding paragraphs.

110. Paragraph 110 of the Complaint purports to describe the Fourteenth Amendment to the U.S. Constitution, which speaks for itself and to which no response is required. To the extent a response is required, the County of Santa Clara admits the allegations.

111. Paragraph 111 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

## COUNT III

112. The County of Santa Clara repeats and reasserts its responses to the allegations of the preceding paragraphs.

113. Paragraph 113 of the Complaint purports to describe provisions of the U.S. Constitution, which speak for themselves and to which no response is required. To the extent a response is required, the County of Santa Clara admits the allegations.

114. Paragraph 114 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the County of Santa Clara denies the allegations.

## AFFIRMATIVE DEFENSES

The County of Santa Clara asserts the following affirmative defenses:

1. Plaintiffs' Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Plaintiffs' claims are not ripe.

## RESERVATION OF DEFENSES

The County of Santa Clara reserves the right to amend this Answer and to assert additional defenses or to assert any counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, the County of Santa Clara prays for judgment as follows:

1. That Plaintiffs' claims be dismissed with prejudice in their entirety, that Plaintiffs take nothing thereby, and that the relief Plaintiffs pray for in Paragraph 115 be denied;

2. That judgment be entered against Plaintiffs and in favor of the County of Santa Clara, and that Plaintiffs take nothing thereby;

3. That the County of Santa Clara be awarded costs and attorneys' fees; and

4. For such other and further relief as the Court deems just and proper.

Dated: February 14, 2025                    Respectfully submitted,

TONY LOPRESTI*
COUNTY COUNSEL
MEREDITH A. JOHNSON*
RAPHAEL N. RAJENDRA*
RACHEL A. NEIL*
Office of the County Counsel
County of Santa Clara
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
Telephone: (408) 299-5900
Email:   Tony.LoPresti@cco.sccgov.org
         Meredith.Johnson@cco.sccgov.org
         Raphael.Rajendra@cco.sccgov.org
         Rachel.Neil@cco.sccgov.org

JONATHAN WEISSGLASS*
Law Office of Jonathan Weissglass
1939 Harrison Street, Suite 150-B

Oakland, CA 94612  
Telephone: (510) 836-4200  
Email:   jonathan@weissglass.com


WILLIAM MOST (La. Bar No. 36914)

By:   */s/ William Most*

Most & Associates  
201 St. Charles Avenue  
Suite 2500 #9685  
New Orleans, LA 70170  
Telephone: (504) 509-5023  
E-mail:   williammost@gmail.com

Attorneys for Proposed Intervenor  
COUNTY OF SANTA CLARA


\* *Motion forthcoming for admission* pro hac vice

3207991