**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| THE STATE OF LOUSIANA, et al., *Plaintiffs*, v. UNITED STATES DEPARTMENT OF COMMERCE, et al., *Defendants*. | Case No. 6:25-cv-76 |

**RESPONSE IN OPPOSITION TO MOTION FOR INTERVENTION**

Plaintiffs are four states which have lost and are likely to lose congressional and electoral college representation due to the U.S. Census Bureau's practice of including illegal and nonimmigrant aliens in the state population count that occurs in the decennial census. *See* Final 2020 Census Residence Criteria and Residence Situations Rule, 83 Fed. Reg. 5525 (Feb. 8, 2018) ("Residence Rule"). Illegal and nonimmigrant aliens are not included in the definition of "persons in each state" who should be counted in the census, both because they do not belong to the political community, which the Constitution refers to when it uses "persons" and "the people," and because as a class they are denied to the right to vote.

Because illegal and nonimmigrant aliens are unevenly distributed throughout the United States, counting such aliens distorts the apportionment among the states of the House of Representatives and Electoral College,

empowering states with disproportionately high numbers of such aliens at the expense of states with disproportionately fewer of them.

The Residence Rule thus violates Article I, § 2, and the Fourteenth Amendment of the United States Constitution and the constitutional principle of equal representation. It also violates Article II, § 1, by necessitating an unconstitutional distribution of congressional seats and electoral college votes among the states. Plaintiffs seek declaratory relief that, among other things, it is unconstitutional to count illegal and nonimmigrant aliens in the decennial census.

Movants are voters from California and Texas who seek to intervene as Defendant-intervenors under Fed. R. Civ. P. 24, either as of right, or by permission of the Court. But they do not meet the standard for intervention as of right. And they should be denied permissive intervention because their efforts are duplicative of Defendants'.

## I. Movants do not meet the standard for intervention as of right

For Movants to merit intervention as of right,

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014).

The "movant bears the burden of establishing its right to intervene" by demonstrating that it meets each of the four requirements. *Id*. Since Movants' interest here is no different from Defendants' interest, and there is no reason to

2

believe Defendants are not defending the case in good faith, Movants cannot demonstrate the fourth requirement for intervention: inadequate representation.

### A. Movants have not met their burden of showing inadequate representation

"The final requirement for intervention as a matter of right is that the applicant's interest must be inadequately represented by the existing parties to the suit. The applicant has the burden of demonstrating inadequate representation." *Brumfield*, 749 F.3d at 345. Though this burden is "minimal," it "must have some teeth." *Id.*

Would-be intervenors must therefore overcome a presumption of adequate representation that "arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). When the would-be intervenors share the same ultimate objective with defendants, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Id.*

*(1) There is no reason to believe Movants do not share the same ultimate objective with Defendants.*

When Movants filed their motion to intervene, Defendants had not yet entered an appearance in this case. In fact, Movants alleged inadequate representation before Defendants were even served with the complaint. Especially at such an early stage of the litigation, there is no evidence that Defendants will not adequately represent any alleged interest Movants may claim in this case. Their

3

premature speculation about the adequacy of Defendants' representation cannot justify their intervention.

Movants claim Defendants cannot represent the "parochial interests of voters in their congressional districts," since the U.S. government does "not have any particular interest in the size of the congressional representation of any given communities or states." Br. at 10. But this conclusory statement is not enough to avoid a presumption of adequate representation, which applies whenever the would-be intervenor shares the same ultimate objective with a party. While Movants may be motivated to defend the Residence Rule in order to defend the size of their congressional delegation, their ultimate objective remains defending the Residence Rule—the same as Defendants'.

Movants' representation of parties from two different states undermines any argument that their ultimate objective is different from Defendants'. According to Movants' own reasoning, a voter from Texas would not have any greater interest than Defendants have in the "particular size of the congressional representation" of California. Yet, rather than attempting to intervene separately, voters from Texas have joined with voters from California to intervene together because they share the same ultimate objective—with each other and with Defendants—of defending the Residence Rule.

In short, as long as Defendants defend the Residence Rule, they have the same ultimate objective as Movants. *See Veasey v. Perry*, 577 Fed.Appx. 261, 262 (5th Cir. 2014) (finding same ultimate objective where would-be intervenor could

not show "incongruity of interests"); *see also Curry v. Regents of University of Minnesota*, 167 F.3d 420, 423 (8th Cir. 1999) ("Thus, although the Movants' *motives* may be distinguishable from the [Defendants'], the Movants' and the [Defendants'] *interests* are the same: both want the [challenged rule] upheld.") (emphases added); *Kane County, Utah v. U.S.*, 597 F.3d 1129, 1134 (10th Cir. 2010) (finding adequate representation when proposed intervenors and the government-defendants shared a "single objective," and required a "simple binary determination" by the court); *Lumber Co., Inc. v. Federal Elec. Comm'n*, 690 F.2d 1362, 1366 (11th Cir. 1982) (where intervenor and government both shared the "same objective" and sought to "uphold the constitutionality" of a law, their interest was adequately represented).

Thus, the presumption of adequate representation applies.

*(2) Movants cannot overcome the presumption of adequate representation.*

To overcome the presumption of adequate representation, Movants must show adversity of interest, collusion, or nonfeasance. This showing "must be more than merely theoretical; there must be a 'serious probability' that the existing party and movant may not share the same ultimate objective" due to one of those factors. *Helt v. Sethi Petroleum, L.L.C.*, 2022 WL 127977 at *1 (5th Cir. 2022) (quoting 7C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1909 (3d ed.))

They do not show this. Instead, they point to President Trump's rescission of Executive Order 13986, which was issued in 2021—one year after the 2020 Census and three years after the Residence Rule. The rescinded executive order merely

5

proclaimed a policy that reapportionment should include residents of the states "without regard to immigration status." *See* Exec. Order 13986, 86 Fed. Reg. 7015. And the Trump administration has not taken any positive steps to enact a policy of not counting those aliens. In other words, Movants point to a non-binding policy statement of the Trump administration which superseded a non-binding policy statement of the Biden administration. And this is the only basis on which Movants attempt to establish adversity.

In any case, Movants exaggerate how a Trump administration "policy shift" might align with the relief specified by Plaintiffs. Even if the Trump administration supported a policy of not counting such aliens, it has not made any statement that it believes, as Plaintiffs do, that the U.S. Constitution requires the Census Bureau to exclude illegal and nonimmigrant aliens.

None of this establishes adversity of interest. In *Texas v. United States*, 805 F.3d 653, 662 (5th Cir. 2015), the Fifth Circuit upheld a finding of adversity of interest when the would-be intervenors "specif[ied] the particular ways in which their interests diverge[d] from the [party's]" and then "identif[ied] the particular way in which these divergent interests have impacted the litigation."[1]

Movants here do not specify anything. There is no information about how it might even be possible for Defendants to defend the Residence Rule while failing to represent all of Movants' interests at the same time.

---

[1] *See also Entergy Gulf States Louisiana, LLC v. U.S. EPA*, 817 F.3d 198, 205 (5th Cir. 2016) (finding adverse interests when the intervenor identified "divergent interests… [that] are germane to this particular case.")

6

Movants also claim nonfeasance, but this fails as well. They state that the President's rescission of his predecessor's executive order means that the Residence Rule will not be defended. Br. at 10. But there is no reason to believe this, particularly at this stage of the litigation. Without any real evidence of nonfeasance, the Court should defer to Defendants if they state an intention to defend this case in good faith.

Since Movants cannot show adversity of interest, nonfeasance, or collusion, they cannot overcome the presumption of adequate representation. And with Defendants adequately representing Movants' interests, Movants do not meet the standard for intervention as of right. Their motion should be denied.

## II.  Permissive intervention should be denied

The Court also should exercise its discretion and deny permissive intervention. Movants' premature attempt at intervention suggests their involvement in this case will not contribute to the orderly administration of justice. And their intervention would not benefit the Court. Movants have not offered any evidence that they will contribute arguments that will not be made by Defendants. Their addition as a party would bring only duplicative briefing and more complicated scheduling.

Movants' request for permissive intervention should therefore be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Movants' motion to intervene.

Respectfully submitted,

| | |
|---|---|
| **ELIZABETH B. MURRILL**<br>**Attorney General of Louisiana**<br><br>/s/ *Tracy Short*<br>Tracy Short (La #23940)<br>*Assistant Chief Deputy Attorney General*<br>Office of the Louisiana Attorney General<br>1885 North Third Street<br>Baton Rouge, LA 70802<br>Phone : (225) 326-6705<br>shortt@ag.louisiana.gov<br><br>*Counsel for the State of Louisiana* | **KRIS W. KOBACH**<br>**Attorney General of Kansas**<br><br>*/s/ James R. Rodriguez*<br>James R. Rodriguez (KS 29172)*<br>*Assistant Attorney General*<br>Kansas Office of the Attorney General<br>Topeka, Kansas 66612<br>Phone: (785) 368-8197<br>jay.rodriguez@ag.ks.gov<br><br>Christopher J. Hajec*<br>D.C. Bar No. 492551<br>Matt A. Crapo*<br>D.C. Bar No. 473355<br>Immigration Reform Law Institute<br>25 Massachusetts Ave., NW, Suite 335<br>Washington, DC 20001<br>Phone: (202) 232-5590<br>Fax: (202) 464-3590<br>chajec@irli.org<br>mcrapo@irli.org<br><br>*Counsel for the State of Kansas* |
| **DAVE YOST**<br>**Ohio Attorney General**<br><br>*/s/ T. Elliot Gaiser*<br>T. Elliot Gaiser*<br>*Solicitor General*<br>30 East Broad Street, 17th Floor<br>Columbus, OH 43215<br>Phone: (614) 466-8980<br>thomas.gaiser@ohioago.gov<br><br>*Counsel for State of Ohio* | **JOHN B. MCCUSKEY**<br>**Attorney General of West Virginia**<br><br>*/s/ Michael R. Williams*<br>Michael R. Williams*<br>*Solicitor General*<br>State Capitol Complex,<br>Bldg. 1, Rm E-26<br>1900 Kanawha Blvd. E<br>Charleston, WV 25305<br>Phone: (304) 558-2021<br>michael.r.williams@wvago.gov<br><br>*Counsel for State of West Virginia* |

*Pro Hac Vice

**CERTIFICATE OF SERVICE**

  I certify that on February 17, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of this filing to the e-mail addresses on the electronic mail notice list.

*/s/ James Rodriguez*
James Rodriguez
