**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

THE STATE OF LOUISIANA,
By and through its Attorney General,
Elizabeth B. Murrill, et al.

      *Plaintiffs*,

      v.

UNITED STATES DEPARTMENT OF
COMMERCE, et al.,

      *Defendants*.

No. 6:25-cv-00076-DCJ-DJA

**<u>DEFENDANTS' OPPOSED MOTION FOR STAY</u>**

Defendants respectfully request that the Court stay this case, including staying the deadlines regarding responses to pending motions to intervene, *see* ECF Nos. 3, 30. A proposed order is attached. Defendants have conferred with Plaintiffs, and Plaintiffs take no position on the stay Defendants have proposed. Defendants have also conferred with Potential Intervenors—Santa Clara County opposes entry of a stay prior to a resolution of its pending Motion to Intervene, ECF No. 30, and the individual voters take no position on a stay.

In this case, Plaintiffs challenge the lawfulness of the method by which the Bureau of the Census "count[ed] the whole number of persons in each State," U.S. CONST. amend. XIV, § 2, during the 2020 Decennial Census. *See* Compl., ECF No. 1; *see also* 13 U.S.C. § 141(a) (assigning responsibility for the Decennial Census to the Secretary of Commerce, who oversees the Bureau of the Census). The Final 2020 Census Residence Criteria and Residence Situations Rule, 83 Fed. Reg. 5525, 5533 (Feb. 8, 2018) ("Residence Rule"), provided that "[c]itizens of foreign countries

1

living in the United States" were to be counted towards the constitutionally required "actual Enumeration" in the 2020 census, *see* U.S. CONST. art. I, § 2, cl. 3.

On July 21, 2020, President Trump issued a memorandum directing the Secretary of Commerce to take steps "to exclude from the apportionment base aliens who are not in a lawful immigration status." *See* President Donald J. Trump, *Presidential Actions: Memorandum on Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census*, Memo. for the Sec'y of Commerce (July 21, 2020), https://trumpwhitehouse.archives.gov/presidential-actions/memorandum-excluding-illegal-aliens-apportionment-base-following-2020-census/. Before the tabulation and subsequent enumeration took place, though, there was a change in presidential administration and President Biden revoked President Trump's July 2020 memorandum by issuing Executive Order 13986. *See* 86 Fed. Reg. 7015 (Jan. 25, 2021). As a result, "[c]itizens of foreign countries living in the United States" were counted in the enumeration in the 2020 census. *See* 83 Fed. Reg. at 5533.

President Trump has since been reelected. On January 20, 2025, he issued Executive Order 14148, rescinding President Biden's Executive Order 13986. *See Initial Rescissions of Harmful Executive Orders and Actions*, 90 Fed. Reg. 8,237 (Jan. 28, 2025). New leadership at the Department of Commerce is in the process of onboarding and has not yet had time to determine its approach to the Residence Rule and this litigation following the issuance of Executive Order 14148.

In light of these developments, Defendants respectfully request that the Court stay this case, including staying all deadlines for responding to motions to intervene, to permit Defendants to confer about the issues raised in this litigation with new leadership at the Department of Commerce. "[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay will conserve party and judicial resources and promote the efficient and orderly disposition of this case by ensuring that the litigation proceeds with the informed views of current Department of Commerce leadership. Defendants respectfully propose to update the Court with status reports every 60 days.

For the foregoing reasons, the Court should grant this Motion, stay this case, and direct the Defendants to file a status report within 60 days. A proposed order accompanies this motion.

Dated: March 3, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Director

/s/ *Kevin K. Bell*
KEVIN K. BELL
(GA Bar No. 967210)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8613
E-mail: Kevin.K.Bell@usdoj.gov
*Counsel for the United States*

## CERTIFICATE OF CONFERENCE

From February 27–March 2, 2025, I met and conferred electronically with Plaintiffs and Proposed Intervenors, pursuant to Local Civil Rule 7.4.1. Plaintiffs take no position on the stay Defendants have proposed. Santa Clara County opposes entry of a stay prior to a resolution of its pending Motion to Intervene, ECF No. 30, and the individual voters take no position on a stay.

/s/ Kevin K. Bell
KEVIN BELL
(GA Bar No. 967210)
Trial Attorney

**CERTIFICATE OF SERVICE**

On March 3, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court for the Western District of Louisiana, using the electronic case filing system of the Court. I hereby certify that I have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

/s/ Kevin K. Bell
KEVIN BELL
(GA Bar No. 967210)
Trial Attorney