IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **THE STATE OF LOUISIANA**, By and through its Attorney General, Elizabeth B. Murrill; <br> **THE STATE OF KANSAS**, By and through its Attorney General, Kris W. Kobach; <br> **THE STATE OF OHIO**, By and through its Attorney General, Dave Yost; and <br> **THE STATE OF WEST VIRGINIA**, By and through its Attorney General, John B. McCuskey <br><br> *Plaintiffs*, <br><br> vs. <br><br> **UNITED STATES DEPARTMENT OF COMMERCE; JEREMY PELTER**, in his official capacity as Acting Secretary of Commerce; <br> **BUREAU OF THE CENSUS**, an agency within the United States Department of Commerce; and <br> **ROBERT L. SANTOS**, in his official capacity as Director of the U.S. Census Bureau <br><br> *Defendants*. | Case No.: 6:25-cv-0076-DCJ-DJA <br><br> Judge David C. Joseph <br> Magistrate Judge David J. Ayo |

**PROPOSED ANSWER AND AFFIRMATIVE DEFENSES OF THE LEAGUE OF WOMEN VOTERS, THE LEAGUE OF WOMEN VOTERS OF FLORIDA, AND THE LEAGUE OF WOMEN VOTERS OF NEW YORK STATE**

Proposed Intervenors the League of Women Voters, the League of Women Voters of Florida, and the League of Women Voters of New York State submit this Answer to Plaintiffs' Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Proposed Intervenors respond to the allegations in each corresponding paragraph of the Complaint as follows:

1

## INTRODUCTION

The unnumbered, introductory paragraphs in Plaintiffs' Complaint contain characterizations of the Complaint that speak for themselves, and to which no response is required. To the extent that the unnumbered, introductory paragraphs require a response, Proposed Intervenors deny the allegations.

## THE PARTIES

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent that a response is required, Proposed Intervenors admit that Kansas is a State of the United States of America, and that Kansas brings this suit through its attorney general, Kris W. Kobach, but otherwise deny the allegations.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent that a response is required, Proposed Intervenors admit that Louisiana is a State of the United States of America, and that Louisiana brings this suit through its attorney general, Liz Murrill, but otherwise deny the allegations.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent that a response is required, Proposed Intervenors admit that Ohio is a State of the United States of America, and that Dave Yost is Ohio's attorney general, but otherwise deny the allegations.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent that a response is required, Proposed Intervenors admit that West Virginia is a State of the United States of America, and that J. B. McCuskey is West Virginia's attorney general, but otherwise deny the allegations.

5. Admitted.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

7. Denied.

8. Admitted.

9. Admitted.

## JURISDICTION AND VENUE

10. Paragraph 10 contains allegations concerning jurisdiction, which are legal conclusions, to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

11. Paragraph 11 contains allegations concerning jurisdiction, which are legal conclusions, to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

12. Paragraph 12 contains allegations concerning declaratory relief, which are legal conclusions, to which no response is required. To the extent a response is required, Proposed Intervenors admit that Plaintiffs seek declaratory relief but deny that Plaintiffs are entitled to such relief.

13. Paragraph 13 contains legal conclusions, including legal conclusions concerning venue, to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

## BACKGROUND

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Proposed Intervenors admit that the Census Bureau sends a questionnaire to households in the United States as part of the census process, and that the Census Bureau uses responses to the questionnaire when determining the population of each state. To the extent that other assertions and allegations in Paragraph 19 require a response, they are denied.

20. Admitted.

21. Admitted.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent that a response is required, Proposed Intervenors admit that Plaintiffs have quoted snippets of language contained in a federal regulation but deny that Plaintiffs have accurately quoted or characterized the full text of the footnote.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit that, under the Residence Rule, the Complaint quotes language from a federal regulation but deny that it is a complete quotation.

24. Admitted.

25. Admitted.

26. Admitted.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent that a response is required, Proposed Intervenors admit that the Plaintiffs have accurately quoted part of a federal regulation referred to as the Residence Rule but otherwise deny the allegations.

28. Paragraph 28 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors admit that citizens of foreign countries are counted in the census tally used for apportionment purposes but otherwise deny the allegations.

29. Paragraph 29 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors admit that Census Bureau estimates of the total number of persons in each state are used to prepare a tabulation of total population by States as required for the apportionment of Representatives in Congress among the several States but otherwise deny the allegations.

30. Paragraph 30 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny them.

31. Paragraph 31 contains one or more legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit the first sentence and otherwise deny the remaining allegations.

32. Paragraph 32 contains a legal conclusion to which no response if required. To the extent a response is required, Proposed Intervenors deny the allegation.

33. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33, Proposed Intervenors deny them.

34. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34, Proposed Intervenors deny them.

35. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35, Proposed Intervenors deny them.

36. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36, Proposed Intervenors deny them.

37. Admitted.

38. Denied.

39. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39, Proposed Intervenors deny them.

40. Denied.

41. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 41, Proposed Intervenors deny them.

42. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 42, Proposed Intervenors deny them.

43. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 43, Proposed Intervenors deny them.

44. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 44, Proposed Intervenors deny them.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

46. Denied.

47. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 47, Proposed Intervenors deny them.

48. The first sentence of Paragraph 48 is denied. As to the second and third sentences, Proposed Intervenors admit that Plaintiffs have selectively quoted language from a 1964 Supreme Court case called W*esberry v. Sanders* but otherwise deny the allegations.

49. Denied.

50. Denied.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 55, Proposed Intervenors deny them.

56. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 56, Proposed Intervenors deny them.

57. Denied.

58. Admitted.

59. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 59, Proposed Intervenors deny them.

60. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 60, Proposed Intervenors deny them.

61. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 61, Proposed Intervenors deny them.

62. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 62, Proposed Intervenors deny them.

63. Paragraph 63 contains a legal conclusion to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

64. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 64, Proposed Intervenors deny them.

65. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 65, Proposed Intervenors deny them.

66. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 66, Proposed Intervenors deny them.

67. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 67, Proposed Intervenors deny them.

68. Denied.

69. Denied.

70. Admitted.

71. Paragraph 71 includes language quoted from the U.S. Constitution, which speaks for itself, and no response is required. To the extent that a response is required, Proposed Intervenors deny the allegations.

72. Admitted.

73. Paragraph 73 includes language quoted from the *Franklin v. Massachusetts* case and asserts legal conclusions to which no response is required. To the extent that a response is required to the remaining language in the paragraph, Proposed Intervenors deny the allegations.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Admitted.

82. Admitted.

83. Denied.

84. Lacking sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 84, Proposed Intervenors deny them.

85. Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

86. Denied.

87. Denied.

88. Paragraph 88 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

89. Denied.

90. Denied.

91. Denied.

92. Admitted.

93. Denied.

94. Denied.

95. Denied.

96. Paragraph 96 quotes language from a Supreme Court case and contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

97. Paragraph 97 quotes language from a Supreme Court case and contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

98. Paragraphs 98 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied

104. Denied.

## CLAIMS FOR RELIEF

### COUNT I

105. Proposed Intervenors incorporate by reference each of the admissions, denials, averments, and statements of the preceding paragraphs.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required. Proposed Intervenors deny the allegations.

107. In the first sentence of Paragraph 107, Plaintiffs quote language from Section 2 of the Fourteenth Amendment, which speaks for itself and to which no response is required. Proposed Intervenors deny the allegations in the second sentence of the Paragraph 107.

108. Denied.

## COUNT II

109. Proposed Intervenors incorporate by reference each of the admissions, denials, averments, and statements of the preceding paragraphs.

110. Admitted.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

## COUNT III

112. Proposed Intervenors incorporate by reference each of the admissions, denials, averments, and statements of the preceding paragraphs.

113. Paragraph 113 quotes portions of the U.S. Constitution and includes conclusions of law to which no response is required. To the extent a response is required, Proposed Intervenors admit the allegations.

114. Denied.

## PRAYER FOR RELIEF

115. Proposed Intervenors deny that Plaintiffs are entitled to relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.
2. The Court lacks subject matter jurisdiction.
3. This Court is not a proper venue.
4. Plaintiffs' claims are moot and/or time-barred as to prior censuses, and Plaintiffs' claims are not ripe as to the 2030 census or any subsequent census.

11

5. Plaintiffs lack standing to assert their claims.

## RESERVATION OF DEFENSES

Proposed Intervenors reserve the right to amend the Answer and/or assert additional defenses and/or counterclaims.

## REQUESTED RELIEF

WHEREFORE, having fully answered the Complaint, Proposed Intervenors pray that the Court:

1. Dismisses Plaintiffs' claims with prejudice;

2. Enters a judgment in favor of Proposed Intervenors, and that Plaintiffs take nothing thereby; and

3. Awards Proposed Intervenors costs and attorneys' fees and such other further relief as the Court deems appropriate.

Dated: April 10, 2025

Respectfully submitted,

*/s/ Avner M. Shapiro*
Avner M. Shapiro*
Bradley E. Heard*
SOUTHERN POVERTY LAW CENTER
1101 17th St. NW Ste 550
Washington, DC. 20036
(240) 890-1735
avner.shapiro@splcenter.org
bradley.heard@splcenter.org

*/s/ Rose Murray*
Rose Murray, La. Bar No. 34690

Ahmed K. Soussi, La. Bar No. 38414
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
(504) 579-3175
rose.murray@splcenter.org
ahmed.soussi@splcenter.org

\* Applications for admission *pro hac vice* pending

*Attorneys for Proposed Defendant-Intervenors the League of Women Voters ("LWV"), the League of Women Voters of Florida ("LWVFL"), and the League of Women Voters of New York State ("LWVNYS")*

13