### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

THE STATE OF LOUISIANA,
By and through its Attorney General,
Elizabeth B. Murrill, et al.

     *Plaintiffs*,

     v.

UNITED STATES DEPARTMENT OF
COMMERCE, et al.,

     *Defendants*.

No. 6:25-cv-00076-DCJ-DJA

### DEFENDANTS' OPPOSITION TO
### PLAINTIFF'S MOTION TO LIFT STAY

Defendants respectfully request that the Court deny the relief Plaintiffs' request in their Motion to Lift Stay, ECF No. 67. As detailed below, the Department of Commerce is preparing action in the next few months that may result in the dismissal of this case, or narrow the issues before the Court, and maintaining the stay entered by this Court, ECF No. 48, until that agency action issues will conserve judicial and party resources.

In this case, Plaintiffs challenge the lawfulness of the method by which the Bureau of the Census "count[ed] the whole number of persons in each State," U.S. CONST. amend. XIV, § 2, during the 2020 Decennial Census. *See* Compl., ECF No. 1; *see also* 13 U.S.C. § 141(a) (assigning responsibility for the Decennial Census to the Secretary of Commerce, who oversees the Bureau of the Census). The Final 2020 Census Residence Criteria and Residence Situations Rule, 83 Fed. Reg. 5525, 5533 (Feb. 8, 2018) ("Residence Rule"), provided that "[c]itizens of foreign countries living in the United States" were to be counted towards the constitutionally required "actual

Enumeration" in the 2020 census, *see* U.S. CONST. art. I, § 2, cl. 3. Plaintiffs seek declaratory and injunctive relief, including as to the 2030 Census. *See* Compl., Prayer for Relief at d.

Plaintiffs filed their Complaint on January 17, 2025, three days before President Trump began his second term and several months before the leadership of defendant agencies were fully staffed and able to weigh in on this litigation. On March 6, 2025, this Court entered a stay, ECF No. 48, which has conserved party and judicial resources by ensuring the litigation would not proceed without the informed views of current Department of Commerce and Census Bureau leadership. The power to stay proceedings in this way is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Plaintiffs argue that the stay is no longer justified because "Defendants have had sufficient time to review the complaint and develop a litigation position," ECF No. 67 at 2, but a court must engage in a "new appraisal of the facts . . . in the light of the situation existing" at the time it considers whether to lift a stay. *Landis*, 299 U.S. at 258. Here, those facts continue to support a stay, although for different reasons than initially justified the stay.

Defendants are deep into preparations for the 2030 Census, and issued the 2030 Census Operational Plan in July 2025. See 2030 Census Operational Plan, U.S. Census Bureau, July 22, 2025, available at https://www2.census.gov/programs-surveys/decennial/2030/program-management/planning/operational-plan/2030-census-operational-plan.pdf. As part of these overall planning efforts, Defendants are actively preparing to promulgate the residence criteria and residence situations for the 2030 Census in the next few months. That agency action will establish the position of the Department of Commerce on who should be counted as part of the 2030 Census and will govern the conduct of that census. Depending on its substance, the agency's action could

also potentially lead to the dismissal of this matter, or at least the narrowing of the issues under consideration and relief sought from the Court. Continuing the stay will conserve judicial and party resources by avoiding potentially unnecessary briefing on threshold arguments before the agency has even made a determination about the matter at the heart of this case—whether and how to count citizens of foreign countries in the United States for the 2030 Census.

In light of these developments, Defendants respectfully request that the Court deny Plaintiffs' requested relief and maintain the stay in this case pending issuance of action by the Department of Commerce on the residence criteria and residence situations for the 2030 Census. Defendants respectfully propose to continue updating the Court with status reports every 60 days.

Dated: February 19, 2026                    Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Assistant Attorney General

                                            ALEXANDER K. HAAS
                                            Director

                                            STEPHEN M. ELLIOTT
                                            Assistant Branch Director

                                            /s/ *Kevin K. Bell*
                                            KEVIN K. BELL
                                            (GA Bar No. 967210)
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L St. NW
                                            Washington, DC 20005
                                            Phone: (202) 305-8613
                                            E-mail: Kevin.K.Bell@usdoj.gov
                                            *Counsel for the United States*

**CERTIFICATE OF SERVICE**

On February 19, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court for the Western District of Louisiana, using the electronic case filing system of the Court. I hereby certify that I have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

/s/ Kevin K. Bell
KEVIN BELL
(GA Bar No. 967210)
Trial Attorney