# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **THE STATE OF LOUISIANA, ET AL** | **CIVIL DOCKET NO. 6:25-cv-00076** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **UNITED STATES DEPARTMENT OF COMMERCE, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## ORDER

Before the Court is Plaintiffs' MOTION TO LIFT STAY (the "Motion"). [Doc. 67]. For the reasons set forth below, the Motion is DENIED.

This case commenced on January 17, 2025, when Plaintiffs – the States of Louisiana, Kansas, Ohio, and West Virginia – ("Plaintiff States") filed suit in this Court challenging the lawfulness of the method by which the Census Bureau "count[ed] the whole number of persons in each State," U.S. CONST. amend. XIV, § 2, during the 2020 Decennial Census. [Doc. 1]; *see also* 13 U.S.C. § 141(a) (assigning responsibility for the Decennial Census to the Secretary of Commerce, who oversees the Bureau of the Census). Specifically, Plaintiff States challenge the Census Bureau's Final 2020 Census Residence Criteria and Residence Situations Rule, 83 Fed. Reg. 5525 (Feb. 8, 2018), asserting that it unlawfully requires counting "citizens of foreign countries living in the United States" for apportionment regardless of immigration status. [Doc. 1]. Simply put, Plaintiff States contend that including unlawfully present and nonimmigrant aliens in the apportionment base violates Section 2 of the Fourteenth Amendment, Article I's Census Clause, and Article II's

Electoral College provisions. They seek declaratory and injunctive relief, including as to the protocols that should be put into effect for the 2030 Census.

Pursuant to a Motion for Stay filed by Defendants and unopposed by the Plaintiff States, [Doc. 46], the Court entered a stay on March 6, 2025, [Doc. 48], to conserve the parties and judicial resources and to allow the then-incoming leadership of the Trump Administration at the Department of Commerce and the Census Bureau to determine their approach to the Residence Rule and related issues raised in this litigation. The Court granted that motion and stayed the case until further order of the Court, with the parties filing joint status reports every 60 days. [*Id.*]. On February 5, 2026, Plaintiff States moved to lift the stay, arguing that Defendants had sufficient time to determine their position and that continued pause would unduly delay adjudication. [Doc. 67]. Defendants opposed, explaining they are actively preparing to promulgate residence criteria and residence situations for the 2030 Census "in the next few months," and that this agency action may moot or narrow issues and thereby conserve judicial and party resources if the stay remains in place. [Doc. 68].

A district court has inherent authority to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and may reassess whether to maintain or lift a stay in light of current circumstances. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Here, the record reflects concrete, near-term activity by the Census Bureau directly bearing on Plaintiffs' forward-looking claims directed at the 2030 Census. Defendants

represent that, as part of multi-year preparations, they are actively preparing to issue residence criteria and residence situations for the 2030 Census in the coming months, and that this forthcoming action could narrow or eliminate issues presented here. Maintaining the existing stay for an additional period will likely promote judicial efficiency by avoiding potentially unnecessary motion practice and merits briefing before the agency has stated its position on matters central to this dispute.

Plaintiffs contend that Defendants' timeline is too indeterminate and that further delay is unwarranted. However, on the present record, Defendants' description of imminent agency action, tied to an established decennial planning process and accompanied by a commitment to provide periodic status updates, demonstrates that a continuation of the stay remains justified. This approach balances Plaintiffs' interest in timely adjudication with the Court's obligation to manage its docket efficiently and to consider the benefits of allowing near-term agency developments that may materially affect the scope or necessity of judicial intervention.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiffs' MOTION TO LIFT STAY [Doc. 67] is DENIED.

IT IS FURTHER ORDERED that Defendants shall continue to file status reports every 60 days, commencing on May 10, 2026, advising the Court on the progress and anticipated timing of the referenced agency action.

IT IS FURTHER ORDERED that an in-person status conference is set for **November 10, 2026, at 10:00 a.m.**, Courtroom 1, Lafayette, Louisiana, to reassess the merits of the stay unless the stay is lifted beforehand.

THUS, DONE AND SIGNED in Chambers on this 10th day of March 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE