**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| THE STATE OF LOUISIANA,<br>By and through its Attorney General,<br>Elizabeth B. Murrill, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>COMMERCE, et al.,<br><br>*Defendants*. | No. 6:25-cv-00076-DCJ-DJA |

**JOINT MOTION TO CONTINUE STATUS CONFERENCE**

The Parties respectfully request that the Court continue the in-person status conference currently set for November 10, 2026 until after the U.S. Department of Commerce issues a final rule as to the residency requirements for the 2030 Census. As detailed below, the Department published a proposed rule, *see* Decennial Census of the Population of Americans; Proposed Residence Criteria and Proposed Regulations for Demographic Questions, 91 Fed. Reg. 57524 (Sep. 10, 2026) ("NPRM"), which addressed the residence requirements for the 2030 Census. Because the eventual final rule relates directly to the relief that Plaintiffs request in this matter, it would conserve judicial and party resources to reset the currently-scheduled status conference for a date after the final rule issues.

Federal district courts inherently have the authority to enforce their scheduling orders, including orders to set a status conference, and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The decision to grant or deny a request for continuance is in the district court's discretion. When determining whether to grant a continuance, the court's "judgment range is exceedingly wide," for

it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000). Because the NPRM directly concerns the relief that Plaintiff requests, good cause exists for the Court to continue the status conference until after the final rule has issued.

In this case, Plaintiffs challenge the lawfulness of the method by which the Bureau of the Census "count[ed] the whole number of persons in each State," U.S. CONST. amend. XIV, § 2, during the 2020 Decennial Census. *See* Compl., ECF No. 1; *see also* 13 U.S.C. § 141(a) (assigning responsibility for the Decennial Census to the Secretary of Commerce, who oversees the Bureau of the Census). The Final 2020 Census Residence Criteria and Residence Situations Rule, 83 Fed. Reg. 5525, 5533 (Feb. 8, 2018) ("Residence Rule"), provided that "[c]itizens of foreign countries living in the United States" were to be counted towards the constitutionally required "actual Enumeration" in the 2020 census, *see* U.S. CONST. art. I, § 2, cl. 3. Plaintiffs seek declaratory and injunctive relief, including as to the 2030 Census. *See* Compl., Prayer for Relief at d.

This matter has been stayed since March 6, 2025, *see* Order, ECF No. 48, and on March 10, 2026, the Court set an in-person status conference for November 10, 2026. On September 10, 2026, the Bureau published the NPRM. Among other things, the NPRM proposes residence criteria that excludes "illegal aliens (among others)" from the apportionment count. 91 Fed. Reg. at 57526. As the NPRM identifies, "[t]his proposed set of criteria is different from—and excludes certain criteria that were included in—the set of residence criteria for 2020." *Id.* The NPRM's proposed residence criteria would count "[c]itizens of foreign countries who are also either citizens or lawful permanent residents of the United States as of April 1 of a decennial census year." *Id.* at 57529. It would not count, for apportionment, "[a]ll other citizens of foreign countries." *Id.* All comments on the NPRM were initially due on October 13, 2026, *see* 91 Fed. Reg. at 57524; the comment

period was extended until November 2, 2026. *See* Decennial Census of the Population of Americans; Proposed Residence Criteria and Proposed Regulations for Demographic Questions; Extension of Comment Period, 91 Fed. Reg. 63207 (October 5, 2026).

Because the NPRM directly addresses the residency requirements for the 2030 Census that are at issue in the relief that Plaintiffs seek, the Parties request that the Court continue the currently-scheduled in-person status conference on November 10, 2026 until after the issuance of a final rule. The Parties propose to update the court as to the issuance of a final rule by filing a joint status report within fourteen days of the rule's issuance.

Dated: October 20, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

STEPHEN M. ELLIOTT
Assistant Branch Director

/s/ *Kevin K. Bell*
KEVIN K. BELL
(GA Bar No. 967210)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-8613
E-mail: Kevin.K.Bell@usdoj.gov
*Counsel for the United States*

**ELIZABETH B. MURRILL**
**Attorney General of Louisiana**

*/s/ Zachary Faircloth*
Zachary Faircloth (LA 39875)
*Principal Deputy Solicitor General*
Office of the Louisiana
Attorney General

**KRIS W. KOBACH**
**Attorney General of Kansas**

*/s/ James R. Rodriguez*
James R. Rodriguez (KS 29172)*
*Deputy Attorney General*
Kansas Office of the Attorney General
Topeka, Kansas 66612

1885 North Third Street
Baton Rouge, LA 70802
Phone : (225) 421-4088
FairclothZ@ag.louisiana.gov

*Counsel for the State of Louisiana*

Phone: (785) 368-8197
jay.rodriguez@ag.ks.gov

Christopher J. Hajec*
D.C. Bar No. 492551
Matt A. Crapo*
D.C. Bar No. 473355
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
Phone: (202) 328-7004
Fax: (202) 387-3447
chajec@fairus.org
mcrapo@fairus.org

*Counsel for the State of Kansas*

**DAVE YOST**
**Ohio Attorney General**

*/s/ Mathura Sridharan*
Mathura Sridharan*
*Solicitor General*
30 East Broad Street, 17th Floor
Columbus, OH 43215
Phone: (614) 466-8980
mathura.sridharan@ohioago.gov

*Counsel for State of Ohio*

**JOHN B. MCCUSKEY**
**Attorney General of West Virginia**

*/s/ Michael R. Williams*
Michael R. Williams*
*Solicitor General*
State Capitol Complex,
Bldg. 1, Rm E-26
1900 Kanawha Blvd. E
Charleston, WV 25305
Phone: (304) 558-2021
michael.r.williams@wvago.gov

*Counsel for State of West Virginia*

**Pro Hac Vice*